United States Court of Appeals,

Eleventh Circuit.

No. 94-6984.

UNITED STATES of America, Plaintiff-Appellee,

v.

Patrick Lamar HUMPHREY, Defendant-Appellant.

Jan. 6, 1999.

Appeal from the United States District Court for the Middle District of Alabama. (No. CR-94-92-N), Truman Hobbs, Judge.

Before EDMONDSON and BIRCH, Circuit Judges, and MORAN[*], Senior District Judge.

EDMONDSON, Circuit Judge:

Appellant, Patrick L. Humphrey, argues on appeal that the district court failed to meet the requirements of Fed.R.Crim.P. 11 when accepting his guilty plea. We see no plain error and affirm.

*Background*

Humphrey was charged with one count of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Humphrey pled guilty to both counts.

Before accepting Humphrey's plea, the district court engaged Humphrey in the dialogue required by Fed.R.Crim.P. 11. Humphrey's attorney was present. The district court judge informed Humphrey of the minimum and maximum penalties under each count but did not inform Humphrey

---

[*]Honorable James B. Moran, Senior U.S. District Judge for the Northern District of Illinois, sitting by designation.

that the sentences had to be served consecutively.[1]

Later, Humphrey was sentenced to five years of imprisonment on each count, to be served consecutively. On appeal, Humphrey argues that the Rule 11 proceeding was faulty because the district court judge did not tell him that the two sentences had to be served consecutively. Humphrey never made this argument to the district court.

*Discussion*

We have written that a Rule 11 proceeding must do three things. First, the proceeding must

---

[1]The following exchange took place at the Rule 11 proceeding:

The Court: Do you understand that the maximum possible penalty under Count one is a fine of not more than two million dollars, or twice the gross loss to a victim or twice the gross gain to a defendant, whichever is greater; a term of imprisonment of not less than five years and not more than forty years, or both fine and imprisonment; a period of not less than four years of supervised release. The Court would also be required to require you to pay an assessment fee of fifty dollars on this Count. If there is any victim, the Court could order [you] to make restitution to any victim.

Under Count two you could be assessed a fine of not more than two hundred and fifty thousand dollars or twice the gross loss to the victim or twice the gross gain to the defendant, whichever is greater. There is a mandatory five-year sentence as to Count two. You could be fined and have the mandatory sentence imposed. And there is a period of not more than three years of supervised release for this offense. The Court could require you to make restitution to a victim. The Court would also have to impose a fifty-dollar assessment as to this second count.

Now, both of these counts are what are known as guidelines cases. Have you had any explanation as to what a guidelines case means.

(Discussion between defendant and defense attorney).

Defendant: Yes, sir.

....

The Court: Do you understand all of these maximum possible penalties?

Defendant: Yes.

ensure the guilty plea is free of coercion. Second, the proceeding must make sure the defendant understands the charges against him. Third, the proceeding must confirm that the defendant is aware of the consequences of his guilty plea. *See United States v. Zickert,* 955 F.2d 665, 668 (11th Cir.1992).

Humphrey says his Rule 11 hearing did not ensure he was aware of the consequences of his guilty plea because the district court judge did not say that the sentence for the firearm count must be served consecutively to the sentence for the drug possession count. Humphrey relies on our decision in *United States v. Siegel,* 102 F.3d 477 (11th Cir.1996). *Siegel* says a district court must advise a defendant of the maximum sentences and "mandatory nature" of the penalties associated with his crimes to satisfy Rule 11. 102 F.3d at 482. Humphrey's claim is that—by failing to tell him about the consecutive nature of the sentences—the district court violated Rule 11 because he was not told the mandatory nature of the penalties associated with his guilty pleas.

The government argues that the requirements of Rule 11 were met by informing Humphrey of the minimum and maximum penalties for each count. Nothing in Rule 11(c)(1), according to the government, explicitly requires informing a defendant about the consecutive nature of multiple sentences. Other circuits appear to agree—in varying degrees—with the government's general position.[2] Also, a Fifth Circuit decision that is one of our precedents suggests—but does not

---

[2]*See, e.g., United States v. Burney,* 75 F.3d 442, 445 (8th Cir.1996) (no requirement to tell defendant about mandatory consecutive sentences); *United States v. Ospina,* 18 F.3d 1332, 1334 (6th Cir.1994) (same); *see also Faulisi v. Daggett,* 527 F.2d 305, 309 (7th Cir.1975) (no requirement to tell defendant that federal sentence may, at district court's discretion, run consecutively to state sentence); *Wall v. United States,* 500 F.2d 38, 39 (10th Cir.1974) (no requirement to tell defendant about possible consecutive sentences if sentences are within maximum sentence stated at Rule 11 hearing); *Paradiso v. United States,* 482 F.2d 409, 415 (3rd Cir.1973) (no requirement to inform defendant that multiple sentences might, at discretion of district court, be served consecutively); *United States v. Vermeulen,* 436 F.2d 72, 75 (2d Cir.1970) (same). *But see United States v. Neely,* 38 F.3d 458, 460 (9th Cir.1994) (defendant must be told that his federal sentence must run consecutively to state sentence).

require—the result advocated by the government. *See United States v. Saldana,* 505 F.2d 628, 628 (5th Cir.1974) (no violation of Rule 11 when district court fails to tell defendant that sentence about to be imposed would be consecutive to sentence he was already serving). The government also points out that Humphrey failed to object to later statements, informing Humphrey that he would face consecutive sentences, made in the pre-sentence investigation report and at the sentencing hearing.

The appropriate standard of review, given Humphrey's failure to object in the district court to the consecutive sentences, is plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Quinones,* 97 F.3d 473, 475 (11th Cir.1996). "No procedural principle is more familiar ... than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993) (internal quotation marks and citations omitted). An exception to this rule is plain error review, codified in Fed.R.Crim.P. 52(b). But our power to review for plain error is "limited" and "circumscribed." *Olano,* 507 U.S. at 732, 113 S.Ct. at 1776.

Four requirements must be met before we can reverse a district court for plain error.[3] One of the four requirements is that the error must be "plain." *Id.* at 734, 113 S.Ct. at 1777. A plain error is an error that is "obvious" and is "clear under current law." *Id.*

No Supreme Court decision squarely supports Humphrey's claim. And other circuits—if we read the case law most favorably to Humphrey—are split on Humphrey's argument and similar

---

[3]First, there must be an error. Second, the error must be plain. Third, the error must affect substantial rights of the defendant. Fourth, the error must seriously affect the fairness, integrity, or public reputation of a judicial proceeding. *Olano,* 507 U.S. at 732, 113 S.Ct. at 1776. We address only the second requirement in today's opinion.

arguments.[4]  Also, we have never resolved the issue.  All of these circumstances point to no plain error in this case.  In *Siegel,*[5] the district court abused its discretion by failing to inform the defendant, among other things, that some sentences would have to be served consecutively.  The *Siegel* court, however, treated all the facts before it as material to its decision.[6]  At most, *Siegel* decided that—when a district court does not inform the defendant of the maximum sentences associated with three counts, of the mandatory minimum sentences associated with two counts, and of the consecutive nature of a sentence associated with one count—the omissions collectively amount to reversible error.  *Siegel* did not decide—as Humphrey insists it did decide—that each one of those errors, standing alone, would justify reversing the district court.  To be more specific, the

---

[4]*See supra* note 2.

[5]The Court, in *Olano,* specifically declined to address "the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified."  507 U.S. at 734, 113 S.Ct. at 1777.  After *Olano,* we have considered decisions made between the alleged error of the district court and the appeal when deciding if an error is plain. *See United States v. Antonietti,* 86 F.3d 206, 208-09 (11th Cir.1996) (sentence based on definition of "marijuana seedling," when definition changed in defendant's favor after sentencing, is plain error) (dicta or unclear alternative holding);  *United States v. Walker,* 59 F.3d 1196, 1198 (11th Cir.1995) (conviction based on a statute later ruled unconstitutional after defendant's trial is plain error).  We will consider *Siegel.*

[6]The *Siegel* court took into account all of these facts:

> It is undisputed that neither the district court nor the government informed Siegel during the Rule 11 proceedings of the twenty-year maximum sentences that he could receive on Counts Four, Five, and Six. Moreover, it is uncontroverted that neither the district court nor the government advised Siegel that he would be required to serve a five-year mandatory minimum prison sentence if he pled guilty to the offense charged in Count Seven.  Further it is undisputed that the district court failed to advise Siegel that if he pled guilty to Count Eight he would be required to serve a twenty-year mandatory minimum sentence, to be served consecutively to the sentences imposed on Counts One through Seven.

*Siegel,* 102 F.3d at 482.

*Siegel* court did not decide that circumstances like those in the present case (involving mandatory consecutive sentences only) amounted to reversible error. Because the *Siegel* case is not materially similar to Humphrey's case, no plain error based on *Siegel* is present in this appeal.

Without precedent directly resolving Humphrey's kind of claim, we conclude the district court's alleged error is not "obvious" or "clear under current law." *See United States v. Thompson,* 82 F.3d 849, 856 (9th Cir.1996) ("Because of the circuit split, the lack of controlling authority, and the fact that there is at least some room for doubt about the outcome of this issue, we cannot brand the court's failure to exclude the evidence "plain error' ") (footnote omitted). The error in this case (if there was an error), therefore, is not plain. *See Olano,* 507 U.S. at 734, 113 S.Ct. at 1777. Without a "plain" error, we lack authority to reverse the district court. *See id.* We express no view as to whether the district court committed an error other than a plain error.

AFFIRMED.