[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11555
Non-Argument Calendar

_____

D. C. Docket Nos. 00-00173-CR-CO-S & 00-00174-CR-CO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMIE JOE JACKSON, JR.,
a.k.a. Jonathan Barton, etc.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 22, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tommie Joe Jackson, Jr., appeals his 36-month sentence imposed pursuant to revocation of his supervised release. For the first time on appeal, Jackson argues that the district court erred by improperly sentencing him to a term of imprisonment greater than the recommended guideline range based on factors that already had been considered by the Sentencing Commission. The essence of his claim is that 18 U.S.C. 3553(b)(1) prevents a district court from imposing a sentence outside the recommended range unless the court finds an aggravating or mitigating circumstance.

We review a district court's decision to exceed the chapter seven guidelines' recommended sentencing range for an abuse of discretion. *See United States v. Hofierka*, 83 F.3d 357, 361–62 (11th Cir. 1996). However, where a defendant raises a sentencing argument for the first time on appeal, we review only for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). Plain error requires (1) an error, (2) that is plain, (3) that affects the substantial rights of the defendant, and (4) that, if left uncorrected, would "seriously affect the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Humphrey*, 164 F.3d 585, 588 & n.3 (11th Cir. 1999).

Pursuant to 18 U.S.C. § 3583, the district court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by

2

statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

18 U.S.C. § 3583(e)(3). If a district court revokes a term of supervised release related to a Class B felony, the court may sentence the defendant to up to three years' imprisonment. *Id.*

The Sentencing Guidelines that apply to violations of supervised release, which appear in chapter seven, "are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." *Aguillard*, 217 F.3d at 1320. In *Aguillard* we approved of a district court's sentence in excess of the chapter seven recommended range when the court "explicitly mentioned those guidelines and decided the sentence they recommended was inadequate under the circumstances." *Id.*

Likewise, the district court in this case indicated that it was aware of the range and considered it. Ultimately the court rejected it because Jackson committed new offenses similar to the original offenses soon after he began his term of supervised release. Because the court considered the chapter seven guidelines and explained its reasoning for sentencing beyond that range, the district court did not plainly err.

Moreover, the provision that Jackson cites undermines his claim.  Whereas Jackson argues that a court must find an aggravating or mitigating circumstance to impose a sentence outside the range of any sentence, our precedent clearly holds to the contrary with respect to revocations of supervised release.  *See Aguillard*, 217 F.3d at 1320.  Furthermore, § 3553(b)(1) expressly cross-references 18 U.S.C. § 3553(a)(4), which requires a district court to consider the (advisory) chapter seven sentencing guidelines for revocation of supervised release.  The district court in this case has followed Congress's mandate.

Upon review of the record and consideration of the briefs, we find no reversible error.  Accordingly, we affirm Jackson's sentence.

**AFFIRMED.**