[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11447
Non-Argument Calendar
_____

D. C. Docket No. 05-00097-CR-3-002-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS VERGARA-RIVEIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 29, 2006)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Vergara-Riveira appeals his conviction for conspiracy to possess

with intent to distribute cocaine.  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846.  We affirm.

## I. BACKGROUND

During voir dire, a prospective juror introduced herself by stating only that she had traveled 81 miles to arrive at the courthouse.  In response to a later question about her feelings regarding drug use, the same prospective juror asserted that "it's common knowledge that Spanish-speaking immigrants, whether they are legal or illegal, it's common practice . . . that they sell drugs."  The district court interrupted the juror and expressed sharp disagreement with the prospective juror's "personal bias."  In response, the juror suggested that the judge visit Destin, Florida, to observe drug activity.  Defense counsel moved to strike the jury panel.  At sidebar, the district court stated that half of the jurors were laughing at such a blatant attempt to avoid jury duty and denied defense counsel's request.  The district court dismissed the recalcitrant juror and warned the jury throughout the impanelment and trial that the government must prove a defendant's guilt beyond a reasonable doubt.

At trial, the government introduced evidence that Vergara-Riveira, a Spanish-speaking immigrant, had conspired to deliver a shipment of cocaine to Destin.  The jury convicted Vergara-Riveira.

## II. STANDARD OF REVIEW

We review issues raised for the first time on appeal for plain error. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). This standard requires that there be error, that it be plain, and that it affect substantial rights. Id. at 1298. An error is not plain if it is not "clear under current law." United States. v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999). To satisfy the substantial rights test, the defendant must establish that there would have been a different result had there been no error, with a probability sufficient to undermine confidence in the outcome. Rodriguiez, 398 F.3d at 1299.

## III. DISCUSSION

Vergara-Riveira argues for the first time on appeal that the district court, after the recalcitrant juror made her comments, should have inquired whether those comments had prejudiced the jury venire. This argument fails. Even assuming that the failure of the district court to question the remaining panel members on the effect of the juror's statement was error, it was not plain error.

We have held that "[w]here statements made by potential jurors at voir dire raise the spectre of 'potential actual prejudice' on the part of the remaining panel members, specific and direct questioning is necessary to ferret out those jurors who would not be impartial," United States v. Dennis, 786 F.2d 1029, 1043-44 (11th

3

Cir. 1986) (internal quotation marks omitted), but we have never ruled that a statement by a juror had raised "the spectre of 'potential actual prejudice.'" We have explained instead that statements are not prejudicial when they do not relate to the guilt or innocence of the defendant or to the parties or witnesses involved in a specific case. See United States v. Chastain, 198 F.3d 1338, 1347-48 (11th Cir. 1999) (statements that the criminal justice system was more solicitous of criminals than of victims); United States v. Khoury, 901 F.2d 948, 955 (11th Cir. 1990) (emotional outburst by juror whose son had been killed in a drug-related incident); Dennis, 786 F.2d at 1043-44 (statements about the consequences of drug use); United States v. Tegzes, 715 F.2d 505, 506-508 (11th Cir. 1983) (statements about the consequences of drug use). It is not "plain" that this juror's ridiculous remarks raised "the spectre of potential actual prejudice."

Vergara-Riveira also fails to explain how the result of the trial would have been different but for the failure of the district court to conduct an inquiry into juror prejudice. The district court is in the best position to "observe the demeanor of the other jurors and to evaluate any possible prejudice," Tegzes, 715 F.2d at 509, and the district court observed that the remaining jurors had been "laughing at the lady because she was so ridiculous" and "didn't think that the jury was affected

4

at all" by her transparent attempt to avoid serving on the jury. The district court repeatedly instructed the jury about the presumption of innocence and the requirement to decide the case only on the evidence presented at trial. At trial, the government introduced substantial evidence to prove the charge against Vergara-Riviera, including  recorded conversations between him and his coconspirator. The record discloses no reason to conclude that the juror's comment adversely affected the substantial rights of Vergara-Riviera.

## IV. CONCLUSION

Vergara-Riviera's conviction is **AFFIRMED.**