[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11194
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:07-cr-00308-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC THOMAS BROWN,
a.k.a. Charon Field,
a.k.a. Charon Fields,
a.k.a. Eric Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 14, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Thomas Brown, a.k.a. Charon Fields ("Fields"), appeals the district

court's denial of his motion for a new trial based on newly discovered evidence, pursuant to Fed. R. Crim. P. 33. After his convictions for conspiracy to rob federally insured credit unions, in violation of 18 U.S.C. § 371, attempted credit union robbery, in violation of 18 U.S.C. § 2113(a), and possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861, the new evidence came in the form of a letter from the government dated approximately one year after Fields's trial, stating that one of the government's primary witnesses against Fields had been indicted on insurance fraud charges stemming from activities that occurred both before and after the events leading to the case against Fields.

Fields argues that, as required by Fed. R. Crim. P. 33, the new evidence is not merely cumulative or impeaching because it raises the implication that, as part of the informant's larger "lying-for-money" business, the informant fabricated his story about Fields in order to receive monetary compensation for his cooperation with the police. Fields argues that the evidence does not go merely to the informant's credibility, and further contends that if a jury was presented evidence of the larger "lying-for-money" scheme, an acquittal would have resulted. Fields requests additional discovery and a new trial.

We review "the denial of a motion for a new trial based on newly

discovered evidence for abuse of discretion." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).

Under Fed. R. Crim. P. 33, upon a defendant's motion, the district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). As we have held,

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Jernigan*, 341 F.3d at 1287 (quotation omitted). "Failure to meet any one of these elements will defeat a motion for a new trial." *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (quotation omitted). "Newly discovered impeaching evidence is insufficient to warrant a new trial." *United States v. Champion*, 813 F.2d 1154, 1171 (11th Cir. 1987).

After a review of the record and consideration of the parties' briefs, we conclude that the district court did not abuse its discretion to deny Fields's motion

3

for a new trial because the new evidence was cumulative and merely impeaching, and because Fields did not show that the jury would probably have reached a different result. Accordingly, we affirm.

**AFFIRMED.**