[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13194
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60029-RNS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERVE WILMORE, JR.,
DELVIN JEAN BAPTISTE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 18, 2015)

Before HULL, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Herve Wilmore, Jr. appeals his convictions and total sentence of 240 months' imprisonment.  He argues (1) sufficient evidence does not support his convictions for conspiracy under 18 U.S.C. § 371, wire fraud under 18 U.S.C. § 1343, and aggravated identity theft under 18 U.S.C. § 1028A(a)(1); (2) the district court erred in declining to give an aiding and abetting jury instruction; (3) the district court erred in enhancing his sentence for the loss amount, number of victims, leadership, and the use of sophisticated means; and (4) his sentence was substantively unreasonable.[1]  Devin Jean Baptiste appeals his convictions for conspiracy, wire fraud, and aggravated identity theft, arguing sufficient evidence did not support the convictions.  As the parties are familiar with the facts of this case, we will not recount them in detail.  We include only those facts necessary to the discussion of each issue.  Upon review,[2] we affirm.

---

[1]  Wilmore's brief states in a heading and in the conclusion that the district court erred by imposing restitution of $20,246,577, but Wilmore makes no arguments in support of that statement.  As such, Wilmore has abandoned any restitution argument.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominent so indicate.").

[2]  We review sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict.  *United States v. Ramirez*, 426 F.3d 1344, 1351 (11th Cir. 2005).  We review findings of fact for clear error and application of the sentencing guidelines de novo.  *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009).  We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1186 (2015).  Where an argument was not raised before the district court, we will not correct the alleged error unless (1) there is error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

## I. DISCUSSION

### A. Sufficiency of the Evidence

Sufficient evidence supported Wilmore's convictions for conspiracy, wire fraud, and aggravated identity theft. The Government introduced sufficient evidence that Wilmore was involved in a conspiracy to defraud the IRS, as it showed Wilmore knowingly worked with others to prepare and cash fraudulent tax refund checks. *See United States v. Adkinson*, 158 F.3d 1147, 1154 (11th Cir. 1998) (holding where the IRS is victim of fraud, the government must prove "there was an *agreement* whose purpose was to *impede the IRS*" and "each defendant *knowingly participated* in that conspiracy"). A reasonable jury could also conclude Wilmore committed wire fraud and aggravated identity theft because the fraudulently obtained refund checks were sent to addresses that he rented and used. A jury could have concluded Wilmore knew he was using the identities of real people because the scheme required the use of real identities. *See United States v. Gomez-Castro*, 605 F.3d 1245, 1248 (11th Cir. 2010) ("Both the circumstances in which an offender obtained a victim's identity and the offender's later misuse of that identity can shed light on the offender's knowledge about that identity."). A jury could find the IRS would have rejected the tax returns had Wilmore not used real names and corresponding Social Security Numbers.

Sufficient evidence also supported Baptiste's convictions. The Government introduced evidence that Baptiste frequented Lucky Star Check Cashing, cashed illegitimate checks at Miami Gardens Check Cashing and Imperial Check Cashing, established Royal Tax where he filed fraudulent tax returns, and was listed as the preparer on Jacqueline Jennings's fraudulent tax returns. While Baptiste disputes he was the person who actually submitted the fraudulent returns, as a member of a conspiracy he can be liable even if he did not physically press the button submitting the returns. *See United States v. Mothersill*, 87 F.3d 1214, 1218 (11th Cir. 1996) ("Each party to a continuing conspiracy may be vicariously liable for substantive criminal offenses committed by a co-conspirator during the course and in the furtherance of the conspiracy, notwithstanding the party's non-participation in the offenses or lack of knowledge thereof.").

## B.  Jury Instructions

The district court did not err in declining to give an instruction on aiding and abetting. We review Wilmore's argument for plain error because, by his admission, he did not object at trial. Wilmore has not cited any authority establishing a district court errs by not providing an aiding and abetting instruction when the government did not rely on that theory and when neither side requested the instruction. As such, there cannot be plain error. *See United States v.*

4

*Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (stating that without binding precedent directly resolving the claim, an alleged error cannot be plain).

*C. Sentencing Enhancements*

The district court did not clearly err in holding Wilmore responsible for the actual loss of approximately $2.9 million[3] and enhancing his base offense level by 18 levels. *See* U.S.S.G. § 2B1.1(b)(1)(J). Because sufficient evidence supported Wilmore's conspiracy conviction, he was responsible at sentencing for the reasonably foreseeable losses of the conspiracy. U.S.S.G. § 1B1.3(a)(1)(B). The $2.9 million amount was reasonably foreseeable given Wilmore's heavy involvement in the tax fraud conspiracy and his participation from nearly the beginning of the scheme.

The district court did not clearly err in applying a 6-level enhancement for defrauding 250 or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(C). The evidence showed that, as part of the conspiracy, Wilmore purchased thousands of stolen identities from co-conspirators and used those identities to file fraudulent tax returns.

The district court did not clearly err in applying a 4-level enhancement based on Wilmore's leadership role in the conspiracy. *See* U.S.S.G. § 3B1.1(a). The

---

[3] While the district court overruled Wilmore's objection to the fraud loss of $20 million, the district court later, at the request of the Government, ultimately held Wilmore responsible only for the actual loss of about $2.9 million.

5

evidence at trial showed, *inter alia*, Wilmore served as the president of Worldwide Financial Multiservices, set up the 4747 Hollywood Boulevard address where many fraudulent refund checks were sent, and paid employees at the Kennedy Plaza office to prepare fraudulent returns.  While Wilmore was not the sole leader of the conspiracy, the district court did not clearly err in finding that he was a leader or organizer.  *See* U.S.S.G. § 3B1.1 comment. (n.4).

The district court also did not clearly err in imposing a two-level enhancement for using sophisticated means.  *See* U.S.S.G. § 2B1.1(b)(10)(C).  As a member of the conspiracy, Wilmore concealed his criminal activities though legitimate-sounding businesses, purchased names and Social Security numbers, and filed fraudulent tax returns with the IRS.  These activities were sufficiently sophisticated.

D.  *Substantive Reasonableness of Sentence*

The district court did not abuse its discretion in sentencing Wilmore to 240 months' imprisonment.  The district court considered the 18 U.S.C. § 3553(a) factors and sentenced Wilmore within the recalculated advisory range.  That his sentence exceeded that of the cooperating witnesses does not make his sentence substantively unreasonable.  *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) ("[D]efendants who cooperate with the government and enter a

written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial.").

## II. CONCLUSION

In light of foregoing reasons, we affirm.

**AFFIRMED.**