[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13237
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00295-MSS-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW HALEY MORCOMBE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 13, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Haley Morcombe appeals his conviction and sentence of 36 months' imprisonment for international parental kidnapping in violation of 18 U.S.C. § 1204(a).  Morcombe argues that the district court erred in five respects: first, in excluding testimony concerning the minor victim's (his daughter, V.M.'s) out-of-court statements as inadmissible hearsay; second, in concluding that a psychologist's deposition addressing V.M.'s mental condition was also inadmissible because Morcombe had arranged for the psychologist to assess V.M. in anticipation of litigation; third, in issuing erroneous jury instructions regarding the definition of "domestic violence" in § 1204(c)(2)[1]; fourth, in denying Morcombe's motion to continue the trial; and fifth, in imposing a sentence that exceeded the range recommended by the Sentencing Guidelines.  We conclude that none of Morcombe's contentions are persuasive and therefore affirm his conviction and sentence.

The parties are familiar with the facts of the case; we repeat them here only as necessary.

**I**

We review the district court's rulings on the admissibility of evidence for abuse of discretion.  *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir.

---

[1] "It shall be an affirmative defense under this section that . . . the defendant was fleeing an incidence or pattern of domestic violence."  18 U.S.C. § 1204(c)(2).

2

2013).  A district court abuses its discretion if it "applies an incorrect legal standard or makes findings of fact that are clearly erroneous." *Id.* (citation omitted)

Hearsay is defined in Rule 801 of the Federal Rules of Evidence as a statement, other than one made by the declarant while testifying at trial, offered to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Hearsay statements are inadmissible unless otherwise authorized by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  Fed. R. Evid. 802.  An out-of-court statement submitted to show the statement's effect on the hearer, by contrast, is generally not hearsay because it is neither (1) an assertive statement nor (2) offered to prove the truth of the matter asserted.  *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015); *United States v. Cruz*, 805 F.2d 1464, 1478 (11th Cir. 1986) ("[A]n utterance may be admitted to show the effect it has on a hearer.").

Morcombe contends that he submitted testimony relating V.M.'s out-of-court statements not to prove their truth but rather to show their effect on him.  In particular, Morcombe argues that these statements indicated V.M.'s susceptibility to domestic violence when living with his ex-wife, and thus contributed to Morcombe's affirmative defense under § 1204(c)(2).

3

The text of § 1204(c) indicates why Morcombe's argument fails. It provides an affirmative defense for a defendant "fleeing an incidence or pattern of domestic violence." 18 U.S.C. § 1204(c)(2). But the provision says nothing about fleeing based on a *reasonable belief* about an incident or pattern of domestic violence. Morcombe's state of mind—and any effect that V.M.'s statements had on it—was thus immaterial to his affirmative defense. The testimony from third parties relating V.M.'s statements to them was therefore either inadmissible as irrelevant or, as the district court found, because Morcombe's actual intention was to prove the truth of the matter asserted (that V.M. had suffered domestic violence). In either case, the statements were inadmissible.

## II

Statements made for medical diagnosis or treatment are admissible as exceptions to the rule against hearsay. Federal Rule of Evidence 803(4) limits this exception to a statement that "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Morcombe contends that V.M.'s statements to a psychologist in Australia, as detailed in that psychologist's deposition, were admissible because they demonstrated the trauma that V.M. sustained due to domestic violence. Given the psychologist's deposition and related e-mails included in the record—in particular, an email in which

4

Morcombe indicated that he was seeking the psychologist's aid in convincing a judge to grant him an injunction—we agree with the district court that Morcombe sought the psychologist's opinion principally in anticipation of family-court litigation.

We also conclude that any error in excluding this evidence was harmless. An evidentiary error is harmless if, in light of the entire record, the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict. *United States v. Khanani*, 502 F.3d 1281, 1292 (11th Cir. 2007). The relevant portions of the psychologist's opinion were ultimately shown to the jury, and Morcombe has not persuaded us that any of the material that the district court excluded would have influenced the jury's verdict or his sentence.

### III

This Court does not review alleged errors "invited" by the party alleging the same error. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). As relevant here, the doctrine of invited error provides that a defendant generally waives his right to challenge jury instructions when his counsel has expressly agreed to their content. *See United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) ("[The defendant] affirmatively waived his right to challenge the instruction when his counsel told the district court that the jury instructions 'covered the bases.'"). When invited error applies, we may not review the claim

5

even if plain error would result.  *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010) (concluding that a defendant waived review of the alleged error because he "not only agreed with" the jury instructions, "but requested them").

Not only did Morcombe fail to object when the district court concluded that state-law definitions of "domestic violence" were appropriate for the jury instructions, he agreed that domestic violence was defined by the applicable state laws.  And even if we were to credit Morcombe's argument that he acceded to the state-law definitions only after the district court had made its inclinations clear, Morcombe has not demonstrated that the district court plainly erred in using state-law definitions.  To establish that an error is "plain," Morcombe must show, among other things, that the district court's error was contrary to controlling precedent or the clear words of a statute or rule.  *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).  But Morcombe has expressly acknowledged that § 1204 does not define "domestic violence," and points us toward only non-binding case law in arguing that the definitions used here were erroneous.  We therefore affirm the district court's jury instructions as well.

## IV

We review the district court's denial of Morcombe's motion for a continuance for abuse of discretion.  *United States v. Graham*, 643 F.3d 885, 893 (11th Cir. 2011).  The Sixth and Fourteenth Amendments to the Constitution

6

guarantee that any person brought to trial in a federal court will be afforded the right to assistance of counsel before he can be validly convicted and punished by imprisonment. *United States v. Jeri*, 869 F.3d 1247, 1257 (11th Cir. 2017). Implicit in that guarantee is the right to adequate time for counsel to prepare a defense. *Id.*

There is no mechanical test to determine whether the denial of a continuance deprived a party of due process. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Instead, "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* Among other relevant circumstances, we have considered the "time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir. 1985) (quotations omitted).

We refuse to conclude that the district court abused its discretion because Morcombe has not identified specific, substantial prejudice that resulted from the district court's denial of his motion for a continuance. *See United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993). The district court's decision did not limit Morcombe's own ability to testify or to call other witnesses to testify regarding their personal observations. And although Morcombe ultimately did not put on a

7

defense, that was a strategic decision.  Morcombe decided to rest only after seeing things "develop[] in trial"—adding that evidence had been introduced that he "did not anticipate was going to come in during the Government's case."  The time available for preparation, Morcombe's attorney's role in shortening the effective preparation time, and the complexity of the case do not call for a different conclusion.  We therefore affirm in this respect as well.

## V

Finally, we review the procedural and substantive reasonableness of the district court's sentence for abuse of discretion.  *United States v. Duperval*, 777 F.3d 1324, 1331 (11th Cir. 2015).  The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the factors detailed in 18 U.S.C. § 3553(a).  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A sentence is procedurally unreasonable if the district court erred in calculating the Guidelines range; treated the Sentencing Guidelines as mandatory; failed to consider the § 3553(a) factors; selected a sentence based on clearly erroneous facts; or failed to adequately explain the sentence, including any deviation from the Guidelines range.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

8

If we find that a sentence is procedurally reasonable, we then examine whether the sentence is also substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" indicated by § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. The weight given to a particular factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007), and we will reverse its determination only if we are left with the firm conviction that the court committed a clear error of judgment, *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*).

First, we conclude that Morcombe's 36-month sentence was procedurally reasonable. The district court's findings that Morcombe made false allegations and displayed little remorse were supported by the record. *See Rodriguez*, 628 F.3d at 1264. In addition, when imposing the sentence, the district court stated that it had considered the § 3553(a) factors and explained why it varied Morcombe's sentence above the Guidelines range. *Id.*

Morcombe's sentence was also substantively reasonable. It was well within the district court's discretion to reject the testimony of Morcombe's character

9

witnesses, or to find that their testimony was outweighed by that of his victims. *See* 18 U.S.C. § 3553(a)(1); *Clay*, 483 F.3d at 743.  It was also within the district court's discretion to give little weight to Morcombe's career, education, and lack of a criminal history given the court's emphasis on the seriousness of the other sentencing factors.  In sum, nothing in the record indicates that the district court committed clear error.  We therefore affirm its sentence.

**AFFIRMED.**