**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-13824

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALI AKHENATEN,

f.k.a. Darryl Tyrone Oliver,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00049-TJC-MCR-1

————————————

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Ali Akhenaten proceeded to trial on numerous federal income tax related charges. The jury found him guilty of five counts

of filing false tax returns on behalf of both himself and his business, in violation of 26 U.S.C. § 7206(1). Akhenaten asserts the evidence presented at trial, specifically as to the mens rea element, was insufficient to support his convictions. Akhenaten also contends the district court erred by ordering him to pay restitution under a statute that is inapplicable to his Title 26 tax offenses. After review, we affirm.

## I.  SUFFICIENCY OF EVIDENCE

"The elements of false filing under [26 U.S.C.] § 7206(1) are: (1) the making and subscribing of a tax return containing a written declaration that it was made under the penalties of perjury; (2) by one who did not believe the return to be true and correct as to every material matter; and (3) who acted in a willful, as opposed to a negligent manner." *United States v. Margarita Garcia*, 906 F.3d 1255, 1279 (11th Cir. 2018) (quotation marks omitted).

"Criminal defendants may not be compelled by the government to testify, *see* U.S. Const. amend. V, but where they choose to testify on their own behalf, they run a substantial risk of bolstering the Government's case." *United States v. Croteau*, 819 F.3d 1293, 1305 (11th Cir. 2016) (quotation marks and alteration omitted). "This is because when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." *Id.* (quotation marks omitted). "Such an inference, drawn from the defendant's testimony and in combination with other corroborative evidence, may be considered substantive evidence of his guilt." *Id.* Importantly, "[t]his rule applies with

special force where the elements to be proved for a conviction include highly subjective elements such as knowledge or intent." *Id.* (quotation marks omitted).

"For purposes of proving mens rea, guilty knowledge can rarely be established by direct evidence, especially in respect to fraud crimes which, by their very nature, often yield little in the way of direct proof." *Id.* (quotation marks and alteration omitted). Because of this, "mens rea elements such as knowledge or intent may be proved by circumstantial evidence." *Id.*

The Government presented sufficient evidence at Akhenaten's trial to permit the jury to find beyond a reasonable doubt that Akhenaten willfully prepared and filed the false tax returns. *See United States v. Henderson*, 893 F.3d 1338, 1348 (11th Cir. 2018) (reviewing "de novo the district court's denial of a motion for judgment of acquittal," with an evaluation "comparable to the standard used in reviewing the sufficiency of the evidence to sustain a conviction" (quotation marks omitted)); *Croteau*, 819 F.3d at 1304 ("We will affirm a conviction so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."(quotation marks omitted)). The Government introduced evidence of numerous suspicious round numbers in Akhenaten's tax filings. For example, the Government presented evidence that Akhenaten reported on his business tax returns exactly $0 in income for 2014, exactly $100 in 2015, and exactly $0 in 2016. The Government also offered evidence of Akhenaten's extensive tax training, education, and experience. Akhenaten received a masters

of business administration and accounting degree from University of Phoenix in 2006 with a 3.25 grade point average. He worked for Jackson Hewitt for a year and a half, where he took a class on basic income tax. He also taught several classes on federal income taxes at the collegiate level at Edward Waters College, and in his Federal Tax Accounting class, he specifically taught about taxes related to C corporations and S corporations. The jury was permitted to consider Akhenaten's education and experience to reasonably infer that Akhenaten was not just making a series of tax accounting mistakes, but that he knew he was submitting false returns. After all, "mens rea elements such as knowledge or intent may be proved by circumstantial evidence." *Croteau*, 819 F.3d at 1305.

Further, the jury was permitted to believe the opposite of Akhenaten's testimony and consider that as substantive evidence of his guilty mind. *Id.* When he testified at trial, Akhenaten's counsel asked him directly whether he "affirmatively kn[e]w something was wrong and d[id] it anyway," to which Akhenaten responded "no." Akhenaten also testified that he did not intentionally submit false tax returns to the IRS. In choosing to testify as to these issues, Akhenaten "r[an] the risk that if disbelieved the jury might conclude the opposite of his testimony [was] true,"—that he did knowingly file the false returns. *Id.* This inference, combined with the other circumstantial evidence of his guilty mind, could "be considered" by the jury as "substantive evidence of his guilt." *Id.*

Based on all the evidence presented at trial, including Akhenaten's own testimony, the jury could reasonably have concluded

beyond a reasonable doubt that Akhenaten willfully filed the false tax returns.  The evidence was sufficient to support the jury's verdict, and we affirm his convictions.

## II.  RESTITUTION

"A federal district court has no inherent authority to order restitution, and may do so only as explicitly empowered by statute." *United States v. Dickerson*, 370 F.3d 1330, 1335 (11th Cir. 2004) (quotation marks omitted).  The Mandatory Victim Restitution Act (MVRA), codified at 18 U.S.C. § 3663A, requires district courts to order restitution in certain cases.  Those cases include "crime[s] of violence," certain property offenses, and other specific criminal offenses.  *See* 18 U.S.C. § 3663A(c)(1)(A)(i)-(v).  Absent from those enumerated offenses is any offense under Title 26 of the United States Code.  *See id.*  Further, the Victim and Witness Protection Act (VWPA), codified at 18 U.S.C. § 3663, authorizes, but does not require, district courts to order restitution for certain criminal offenses.  Also absent from the enumerated offenses in the VWPA is any offense under Title 26.  *See* 18 U.S.C. § 3663(a)(1)(A).

18 U.S.C. § 3583 addresses a district court's authority to order supervised release and conditions thereof.  This statute permits the district court to order as a condition of supervised release "any condition set forth as a discretionary condition of probation in [18 U.S.C.] section 3563(b) and any other condition it considers to be appropriate."  18 U.S.C. § 3583(d).  18 U.S.C. § 3563(b)(2) authorizes the district court to order "restitution to a victim of the offense."   And importantly, this restitution, imposed as a condition

of supervised release, is "not subject to the limitation of" the VWPA and MVRA.  18 U.S.C. § 3563(b)(2).

Plain-error review applies to issues relating to the district court's restitution order because Akhenaten did not object to the district court's order of restitution at his sentencing hearing.  *See United States v. Utsick*, 45 F.4th 1325, 1332 (11th Cir. 2022) (reviewing unpreserved challenges to a district court's restitution order for plain error).  The parties correctly state the district court did not have authority to impose restitution under either the MVRA or the VWPA.  Thus, the only way the district court could lawfully impose restitution was as a condition of supervised release under 18 U.S.C. § 3583(d).  As Akhenaten concedes, the record is ambiguous as to whether the district court ordered restitution as a term of Akhenaten's supervised release or under an inapplicable restitution statute.  Because Akhenaten has not shown that it is clear or obvious that the district court relied on an inapplicable restitution statute in imposing restitution rather than imposing restitution as a term of supervised release, he has not demonstrated plain error.  *See Esteras v. United States*, 606 U.S. 185, 202-03 (2025) (explaining when reviewing sentencing issues for plain error, an appellate court will reverse only if it is "'clear' or 'obvious' that the district court actually relied on" an impermissible statute); *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) ("A plain error is an error that is obvious and is clear under current law." (quotation marks omitted)).  We therefore affirm the district court's order of restitution.

**AFFIRMED.**