[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13793
Non-Argument Calendar
_____

D. C. Docket No. 05-00048-CR-001-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 22, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

A Middle District of Georgia jury found Cedric Williams guilty of attempted

escape (while confined in a local jail at the direction of the U.S. Marshal), in violation of 18 U.S.C. § 751(a), and the district court sentenced him to prison for a term of 60 months consecutive to his prior federal sentence. He now appeals his conviction, contending that the prosecutor used all six of its peremptory challenges to remove blacks from the jury pool contrary to the Supreme Court's teaching in Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). Although he acknowledges that the prosecutor proffered legitimate, non-discriminatory reasons for striking jurors #15, #16, and #23 from the venire, Williams asserts that these reasons failed to pass Batson muster. He contends that the prosecutor's use of peremptory challenges on jurors #15 and #23 because of their youth was not a sufficiently substantial non-discriminatory reason. As to juror #16, he argues that the stated non-discriminatory reason was itself discriminatory because it was based on the juror's religion. He did not raise this point in the district court; instead, he presents it initially to us on appeal.

We review the district court's resolution of a Batson challenge with great deference. United States v. Allen-Brown, 243 F.3d 1293, 1296 (11th Cir. 2001). "A district court's finding as to why a juror is excused is an issue of fact, and as such, it will not be disturbed on appeal 'unless it is clearly erroneous or appears to have been guided by improper principles of law.'" Id. at 1297. The failure to make

2

a timely <u>Batson</u> objection results in a waiver of the claim. <u>United States v. Cashwell</u>, 950 F.2d 699, 704 (11th Cir. 1992). Where the defendant makes a timely <u>Batson</u> challenge to the striking of a particular juror—resulting in the prosecution's assertion of a non-discriminatory reason for strike – but, as here, asserts on appeal a new reason why the challenge was unlawful, we review the issue for plain error.

"The <u>Batson</u> three-step procedure for evaluating an objection to a peremptory challenge is as follows: (1) the objector must make a <u>prima facie</u> showing that the peremptory challenge is exercised on the basis of race; (2) the burden then shifts to the challenger to articulate a race-neutral explanation for striking the jurors in question; and (3) the trial court must determine whether the objector has carried its burden of proving purposeful discrimination." <u>Allen-Brown</u>, 243 F.3d at 1297. Where, as here, the district court ruled on the ultimate issue of discriminatory intent, the question of whether the <u>prima facie</u> showing was made is moot. <u>United States v. Houston</u>, 456 F.3d 1328, 1336 (11th Cir. 2006). <u>Batson</u> is violated even if only one peremptory strike resulted from discriminatory intent. <u>Cochran v. Herring</u>, 43 F.3d 1404, 1412 (11th Cir. 1995).

The district court did not clearly err in finding that the prosecutor's race-neutral explanations for striking juror #15, #16, and #23 were legitimate and non-

discriminatory. The prosecutor proffered during jury selection that he had struck juror #15 because of her youth and lack of worldly experience. It "is not unreasonable to believe the prosecutor remained worried that a young person with few ties to the community might be less willing than an older, more permanent resident" to find Williams guilty. See Rice v. Collins, ___ U.S. ___, 126 S.Ct. 969, 975, 163 L.Ed.2d 824 (2006). The district court did not clearly err in determining that this was a legitimate, non-discriminatory reason for striking #15 from the jury.

The primary reason the prosecutor proffered for having struck juror #23 was that, during voir dire, he gave oral answers that contradicted his written answers on his juror questionnaire, and then suggested that his juror questionnaire had been forged in some manner. The district court did not clearly err in determining that this was a legitimate, non-discriminatory reason to strike #23.

The prosecutor's proffered race-neutral reason for striking juror #16 was that she had expressed ambivalence about her ability to come to deliver a verdict against a defendant. While this ambivalence arose out of #16's religious beliefs, Williams did not contend that the prosecutor's reason was itself discriminatory. The district court's determination that this was a legitimate, non-discriminatory reason to strike #16 cannot have been plain error because there is no controlling case holding that a Batson violation occurs where a juror is struck because her

4

religious beliefs present difficulties in reaching a judgment in a case. <u>See</u> <u>United States v. Humphrey</u>, 164 F.3d 585, 588 (11th Cir. 1999).

We find no basis for reversing Williams's conviction. It is accordingly AFFIRMED.