[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16138
Non-Argument Calendar

_____

D. C. Docket No. 06-00124-CR-4-BAE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM D. MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 24, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant William D. Morris appeals his 84-month sentence for wire fraud,

in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; and bank fraud, in violation of 18 U.S.C. § 1344. On appeal, he argues that the district court erred by not providing notice of its intent to exceed the applicable guideline range and also contends that his sentence is unreasonable.[1] We address each issue in turn.

## I.

We review "the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts *de novo*." *United States v. Humber*, 255 F.3d 1308, 1311 (11th Cir. 2001). Where a defendant does not object before the district court, review is for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 545 U.S. 1127, 125 S. Ct. 2935 (2005). An appellate court will, in its discretion, correct plain error where there is (1) error, (2) that is plain, and (3) that affects substantial rights, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citation omitted). "A plain error is an error that is obvious and is clear under current law." *See United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (citation and quotation marks omitted). An error cannot be plain in the

---

[1] Morris also asserts that the district court erred by not granting a downward departure for over-representation of criminal history category. Because nothing in the record suggests that the district court believed it lacked the authority to grant a downward departure, we lack jurisdiction to review this argument. *See United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

absence of controlling authority. *Id.* at 588. The burden of proving prejudice rests with the non-objecting defendant. *See United States v. Olano*, 507 U.S. 725, 735, 113 S.Ct. 1770, 1778 (1993).

Under Fed.R.Crim.P. 32(h),

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

*See also Burns v. United States*, 501 U.S. 129, 138, 111 S.Ct. 2182, 2187 (1991) (same). Advance notice, however, does not apply to variances from advisory guidelines. *United States v. Irizarry*, 458 F.3d 1208, 1212 (11th Cir. 2006), *petition for cert. filed* (U.S. Oct. 26, 2006) (No. 06-7517).

In determining whether a decision to sentence a defendant above the guideline range is a variance or a departure, we have considered two factors. *See United States v. Eldick*, 443 F.3d 783, 788 & n.2 (11th Cir.), *cert. denied*, 127 S. Ct. 251 (2006). First, whether the sentencing court cited to a specific departure provision in the guidelines and, second, whether the district court noted the inadequacy of the guidelines range. *Id.*

Although the district court referred to the upward increase as a departure three times, it never cited to a specific guideline departure provision. Furthermore,

3

the court noted the inadequacy of the guidelines range, stating that it did not adequately account for the "tragedies [Morris left in his . . .] wake."  More specifically, the court alluded to the numerous victims; the losses not included in the total amount of loss; Morris's history of fraud; and prior lenient sentencing treatment.  This suggests that the increase was based solely on § 3553(a) factors and, therefore, was a variance  –  not a departure.  *See Eldick*, 443 F.3d at 788 & n.2.  Accordingly, we conclude that advance notice was not required and error, much less plain error, did not occur.  *See Irizarry*, 458 F.3d at 1212; *Rodriguez*, 398 F.3d at 1298.

## II.

Whether a sentencing factor is impermissible is a question of law we review *de novo*.  *United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006), *petition for cert. filed* (U.S. Oct. 19, 2006) (No. 06-7352).  "If such an error exists and was preserved for appeal, we will vacate the sentence and remand, unless the error is harmless."  *Id*. at 1362.

When reviewing a sentence imposed by the district court, we first ensure that the district court correctly calculated the guideline range.  *Winingear*, 422 F.3d at 1245.  Then, we review the sentence for reasonableness in light of the 18 U.S.C. 3553(a) factors and determine whether the sentence fails to achieve the purposes of

sentencing set forth in that statute. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). The district court need not recite a laundry list of the § 3553(a) factors; some indication in the record that the court adequately and properly considered the applicable advisory guidelines range and the § 3533(a) sentencing factors is sufficient. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "In some cases it may be appropriate to defer to the Guidelines; in others, not." *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006).

We review only the final sentence for reasonableness, rather than each individual decision made during the sentencing process, *Winingear*, 422 F.3d at 1245, and "[t]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

"[A] sentence can be unreasonable, regardless of length, if the district court's selection of the sentence was substantially affected by its consideration of impermissible factors." *Williams*, 456 F.3d at 1361 (footnote omitted). "[T]he party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." *Id.*

The district court enhanced Morris's sentence because the guidelines did not sufficiently represent the severity of the victims' suffering. As the court noted,

5

several of the victims' businesses could plausibly fail in the future. Although the attorneys' fees paid by victims and Morris's prior lenient sentencing may also have been considered, Morris fails to cite a single case from this circuit holding that these are impermissible sentencing factors. Without clear precedent, the error, if any, was not plain. *See Humphrey*, 164 F.3d at 588.

Considering that Morris caused multiple individuals to suffer almost one million dollars in losses, he had previously been convicted of multiple counts of wire fraud, and he was facing statutory maximums of thirty years imprisonment on the bank fraud count and twenty years apiece on the mail and wire fraud counts, we conclude that a sentence of 84 months imprisonment, while outside the advisory guideline range, is not outside the range of reasonableness. *See Talley*, 431 F.3d at 788. Accordingly, we affirm Morris's sentence.

**AFFIRMED.**