[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15554
Non-Argument Calendar

_____

D. C. Docket No. 06-00003-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MARTIN YAC VASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 21, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Jorge Martin Yac Vasquez appeals his conviction and sentence for

transporting illegal aliens for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  On appeal, Vasquez first argues that the district court erred by permitting the prosecutor to impeach one of its witnesses, based upon prior inconsistent oral statements allegedly made the previous week in a holding cell. Second, Vasquez argues that his Sixth Amendment right to confront adverse witnesses was violated when the district court allowed the government to elicit hearsay testimony that he knowingly transported aliens for private financial gain.[1] Next, Vasquez argues that the prosecutor made "sarcastic and prejudicial" remarks regarding the presence of his family in the courtroom.  Last, Vasquez argues that the cumulative effect of constitutional violations, erroneous rulings, and prosecutorial misconduct, combined to deprive him of his rights to due process and a fair trial.

## I.

Generally, we review the district court's evidentiary rulings for abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000).  Here, however, the parties dispute whether Vasquez objected to the prosecutor's questions regarding why a witness (Roblero-Salas) had changed his story at trial,

---

[1] The government admits that the district court should not have permitted the prosecutor to cross-examine Vasquez regarding statements that passengers had made to the extent that it referenced witnesses' statements that had not been admitted into evidence.

2

and, therefore, whether Vasquez preserved his objection to this issue. In this case, the record shows that Vasquez made one objection at the beginning of the contested line of questioning, namely, he objected that the prosecutor had asked Roblero-Salas the same question three or four times. It was not until after this objection that the prosecutor questioned why Roblero-Salas had changed his story and used the alleged prior inconsistent statements in those questions. Vasquez did not object to the prosecutor's questions thereafter, and did not otherwise say anything related to his argument on appeal that the prosecutor improperly used the prior inconsistent statements to impeach the government's witness. Thus, as the government argues, Vasquez did not timely object to the prosecutor's statements in this regard, and, therefore, we review for plain error. *See United States v. Williams*, 445 F.3d 1302, 1307 (11th Cir. 2006).

"When a party raises a claim of evidentiary error for the first time on appeal, we review it for plain error only. Likewise, when a defendant does not object at trial to statements made by the prosecution, we review them under the same plain error standard." *Id.* (citations omitted). Under the plain error standard, Vasquez must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. *See United States v. Humphrey*, 164 F.3d 585, 588 n. 3 (11th

3

Cir.1999). Furthermore, in order for an error to be plain, it must be clear under current law. *See United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000). "We have also held that where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *Id.*

"The credibility of a witness may be attacked by any party, including the party calling the witness." Fed.R.Evid. 607. "In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel." Fed.R.Evid. 613(a). Furthermore, the Federal Rules of Evidence do not classify prior inconsistent statements offered for impeachment purposes as hearsay, because they are not offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801(c) & (d); *Wilson v. City of Aliceville*, 779 F.2d 631, 636 (11th Cir. 1986). Thus, where testimony is not offered to prove the truth of out-of-court assertions, but rather to attack the credibility of testimony given from the stand, such testimony is not hearsay. *See United States v. Garcia*, 530 F.2d 650, 654 (5th Cir. 1976).

In *Berger v. United States*, 295 U.S. 78, 88-89, 55 S. Ct. 629, 633, 79 L. Ed. 1314 (1935), the Supreme Court reversed a conviction when the prosecutor

4

through questioning and argument implied personal knowledge of additional evidence. The *Berger* court noted the government's unique burden of justice and heightened responsibility in court:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all . . . It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

*Id.* at 88.

Furthermore, "[i]t is clear that a prosecutor must not act as both prosecutor and witness. This is a part of the general "advocate-witness" rule that counsel should avoid appearing as both advocate and witness except under extraordinary circumstances." *United States v. Hosford*, 782 F.2d 936, 938 (11th Cir. 1986).

Here, Vasquez cannot show that the prosecutor's use of prior oral inconsistent statements to impeach a government witness was plain error. As discussed above, the Federal Rules of Evidence permit any party to attack the credibility of a witness, and use of a witness's prior oral inconsistent statement is one way to do so. *See* Fed.R.Evid. 606, 613(a). We conclude from the record that the government's use of Roblero-Salas's prior inconsistent statements for

5

impeachment was proper since he was a hostile witness whose testimony differed from his prior statement on relevant issues. Furthermore, Vasquez does not offer any legal authority to support his assertion that the use of his prior inconsistent statement was plain error. *See Williams*, 445 F.3d 1307. Neither does Vasquez offer any legal authority in support of his assertion that the prosecutor plainly erred by inquiring whether someone had visited Roblero-Salas to coerce or threaten him into changing his story in favor of Vasquez. Accordingly, we affirm this issue.

**II.**

While we normally review the admissibility of evidence for abuse of discretion, *Jiminez*, 224 F.3d at 1249, and a constitutional claim *de novo*, *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1604 (2006), unpreserved evidentiary and constitutional challenges must satisfy the plain error test. *United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005).

The parties disagree as to the proper standard of review. We have held that, where the defendant at sentencing objected on hearsay grounds, but did not mention the Confrontation Clause or *Crawford*[2], it was insufficient to preserve the objection, and review would be for plain error only. *United States v. Chau*, 426

---

[2] *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 177 (2004).

6

F.3d 1318, 1321-22 (11th Cir. 2005). Vasquez first objected that the prosecutor was using hearsay in questioning him. In his second objection, Vasquez did not mention the Confrontation Clause or *Crawford*, but said "Judge, they haven't called any of these people as witnesses and he . . . ." The prosecutor then interrupted Vasquez, and the court immediately ruled on the objection. Nonetheless, Vasquez continued by asking for a mistrial, and, again, he did not mention the Confrontation Clause or *Crawford*. Accordingly, Vasquez's two objections at trial are insufficient to preserve the constitutional challenge under the Confrontation Clause, and we will review for plain error.

Vasquez was charged and convicted of "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law." 8 U.S.C. § 1324(a)(1)(A)(ii).

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause forbids the introduction of testimonial hearsay evidence at trial, unless: (1) the declarant is unavailable, and (2) the defendant had a prior opportunity to cross-examine the declarant.

7

*Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. Subject to certain exceptions, hearsay is not admissible at trial. *See* Fed. R. Evid. 802. Under Federal Rule of Evidence 801, hearsay is defined as "a *statement*, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted*." Fed. R. Evid. 801(c) (emphasis added).

Nevertheless, we have held that "erroneous admission of evidence does not warrant reversal if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003) (quotations omitted) (noting also that error is harmless "where there is overwhelming evidence of guilt.").

In this case, we conclude that despite the prosecutor's improper use of the witnesses' statements in his cross-examination of Vasquez, the record contains sufficient evidence to support the jury's verdict. First, evidence shows that Vasquez transported an alien within the United States. *See* 8 U.S.C. § 1324(a)(1)(A)(ii). Officer Grider testified that he stopped a van driven by Vasquez on an interstate highway in Florida that held male subjects and their personal items. Agent Vadasz testified that he found eight men in Vasquez's van, and that each of them were illegally present in the United States. Second, the evidence shows that the eight passengers were in the United States illegally. *See* 8

U.S.C. § 1324(a)(1)(A)(ii). Roblero-Salas testified that he was a passenger in the van, he was from Guatemala, and he paid someone a fee to help him illegally enter the United States. Third, the evidence shows that Vasquez knew of the passenger's illegal status. *See* 8 U.S.C. § 1324(a)(1)(A)(ii). Officer Grider testified that at the stop, Vasquez reported that none of the passengers had green cards, and Vasquez asked him if he had called the INS. Finally, Vasquez admitted that the passengers were undocumented illegal aliens, and that he knew that transporting them to work was illegal. (*See* R5 at 90-91). Based on this evidence, none of which was subject to Vasquez's objections, a jury would have returned the same guilty verdict. Accordingly, we affirm this issue.

## III.

We review a prosecutorial misconduct claim *de novo* because it presents a mixed question of law and fact. *United States v. Noriega*, 117 F.3d 1206, 1218 (11th Cir. 1997).

To establish prosecutorial misconduct, "(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have

9

been different." *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998) (citation omitted). When the record contains sufficient independent evidence of guilt, any error is harmless. *United States v. Adams*, 74 F.3d 1093, 1097-98 (11th Cir. 1996).

We conclude from the record that it is unlikely that the prosecutor's questions regarding why Vasquez's children were present at his trial were so prejudicial such that the outcome of the trial would have been different. *See Wilson*, 149 F.3d at 1301. Rather, the prosecutor's questions regarding the presence of his children in the courtroom likely would have engendered sympathy from the jurors. Vasquez does not cite to any legal authority to demonstrate that such line of questioning is improper or prejudicial. Nonetheless, even if these comments were inappropriate, reversal is only warranted if the entire trial is so replete with errors that Vasquez was denied a fair trial. *See United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987). The prosecutor's remarks with regard to Vasquez's children's presence in the courtroom are too limited to demonstrate that he was denied a fair trial. Rather, the weight of the evidence would have led to Vasquez's conviction regardless of the prosecutor's questions. Accordingly, we affirm this issue.

**IV.**

"[T]he cumulative effect of several errors that are harmless by themselves could so prejudice the defendant's right to a fair trial that a new trial might be necessary." *United States v. Preciado-Cordobas*, 981 F.2d 1206, 1215 n. 8 (11th Cir.1993). "In addressing a claim of cumulative error, we must examine the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial." *United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir. 1997). Where there is no error or only a single error, there can be no cumulative error. *See United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

The record demonstrates that there was no cumulative error in the instant case. Although Vasquez asserts a number of evidentiary admission errors, and prosecutorial misconduct, the only error that occurred during the course of Vasquez's trial was the prosecutor's use of the passenger's hearsay statements. However, as discussed above, this error cannot be deemed cumulative, which necessitate a new trial, especially in light of the other evidence implicating Vasquez. *See Waldon*, 363 F.3d 1103 at 1110. Accordingly, we affirm this issue.

For the above-stated reasons, we affirm Vasquez's conviction and sentence.

**AFFIRMED.**