PER CURIAM:
Damion Anthony Campbell appeals his convictions for importation of cocaine, in violation of 21 U.S.C. § 952(a), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). We affirm.
I. Facts[1] and Procedural History
Following Campbell’s arrival at Miami International Airport on a flight from Jamaica, he was required to pass through United States Customs. There, he told a Customs agent that he had packed his own luggage and that everything in the luggage belonged to him. The agent searched one of Campbell’s suitcases, found two packages of cocaine, arrested Campbell, and took him into the enforcement area. A second agent had observed the search and noted that as Campbell’s suitcase was opened, Campbell appeared nervous and started looking around for points of exit. The second agent then searched Campbell’s luggage; during this search, as a pair of shoes was examined, Campbell commented that nothing would be found in the shoes.
Approximately thirty minutes later, a third Customs agent read Campbell his Miranda rights; Campbell signed a waiver and agreed to make a statement. The agent wrote out Campbell’s statement for him, in the third person, and included Campbell’s comment that no one could' have put anything in his suitcase. The agent also inserted his personal opinion in the statement, commenting that he had told Campbell that “nobody gives this amount of cocaine to someone they don’t trust.” (R.2 at 60.) Campbell read the statement, requested a few additions, and signed the revised statement.
According to the third Customs agent, Campbell did two other things that were consistent with guilt. First, although Campbell gave the agent the name and description of the person who was supposed to pick him up at the airport, he refused to identify the person. Next, while transporting Campbell to jail, the third Customs agent and his partner discussed a pamphlet that described the penalties for smuggling drugs into foreign countries. When the third agent told Campbell that the penalty for smuggling drugs into Iran was death, Campbell responded that it did not pay enough to smuggle drugs into Iran.
At trial, the principal issue was whether Campbell knew that the cocaine was in his suitcase before it was discovered by Cus *1288 toms. One defense witness testified that he had seen another person tampering with Campbell’s luggage during the trip to the Jamaican airport and that he had told Campbell about this. The other defense witness, Campbell’s cousin, with whom he normally stayed during his visits to Miami, testified that the person who was supposed to meet Campbell at the airport telephoned her, desperately trying to locate Campbell, several times on the day of Campbell’s arrest.
The jury convicted Campbell on both counts. Campbell appeals, arguing that the district court erred by admitting the Customs agent’s hearsay opinion contained in his written, post-arrest statement and by permitting the Government to comment on his silence, depriving him of his Fifth Amendment right to a fair trial.[2]
II. Discussion
Because Campbell did not object to these alleged errors at trial, we review only for plain error. See United States v. De Castro, 113 F.3d 176, 180 (11th Cir.1997). To prevail, Campbell must prove three things: (1) an error, (2) that is plain, and (3) that affects substantial rights. See Jones v. United States, 527 U.S. 373, 389, 119 S.Ct. 2090, 2102, 144 L.Ed.2d 370 (1999) (citations omitted); see also Fed. R. Crim. P. 52(b). In order to “affect substantial rights,” in most cases, the error must “have been prejudicial: It must have affected the outcome of the district court proceedings.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777-78, 123 L.Ed.2d 508 (1993). Moreover, the Supreme Court has cautioned us to exercise our discretion to correct plain error only if the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Jones, 527 U.S. at 389, 119 S.Ct. at 2102 (citations omitted).
Campbell’s first contention of error is the admission of and emphasis on the Customs agent’s opinion. Campbell argues that this hearsay opinion was improperly admitted as part of Campbell’s post-arrest statement. The Government discussed this hearsay three times during the agent’s trial testimony and again during closing argument. During closing, the Government treated the hearsay opinion as if it had been the agent’s trial testimony. Finally, the trial was extremely short and, according to Campbell, the evidence of his guilty knowledge was not otherwise overwhelming. In light of these facts, Campbell contends that the admission of this hearsay opinion was plain error.
The Government responds that Campbell never objected to the admission of the opinion or its use by the Government and that the district court’s admission of the statement was not plain error. The Government also argues that hearsay is not prejudicial if the declarant is available for cross-examination. See United States v. Bright, 630 F.2d 804, 815 (5th Cir.1980) (holding that the admission of a hearsay statement over objection was not prejudicial because the hearsay problem was “adequately cured because [the declarant] was the next government witness and thus was available for cross-examination on that point.”). Thus, the Government contends that because the Customs agent testified and was available for cross-examination at trial, no prejudice resulted from the admission of his hearsay statement.
We agree that the admission of the agent’s opinion does not satisfy the plain error standard. Indeed, we do not think that any of the components of plain error are present. First, we are unwilling to say that a trial court’s failure to sua sponte redact a defendant’s statement to remove hearsay is error. And if it is error, it is *1289 certainly not plain; Campbell cites no authority supporting the notion that the trial court’s failure to sua sponte redact a defendant’s statement to remove hearsay is error. But, even assuming that the admission was an error that was plain, we cannot say that it affected Campbell’s substantial rights for three reasons. First, the declarant Customs agent testified and was cross-examined. Second, the Customs agent could have stated the same opinion as an expert witness. Third, Campbell’s knowledge that the cocaine was in his luggage could have been inferred from other evidence presented at trial.
First, Campbell cannot establish prejudice because the Customs agent who made the hearsay statement was called as a witness and was thoroughly cross-examined at trial. See Bright, 630 F.2d at 815. The jury heard and understood that Campbell’s statement had been transcribed, in the third person, by the Customs agent. The agent acknowledged on the stand that he had inserted his own opinion into Campbell’s statement. Furthermore, within the written statement, the agent clearly labeled his opinion as his own, writing, “Agent McKenney explained to the defendant that nobody gives this amount of cocaine to someone they don’t trust.” (R.2 at 60.) Finally, the agent even admitted that individuals are sometimes unknowing couriers of illegal drugs. Accordingly, the jury had ample opportunity to understand that the agent’s opinion was only the agent’s opinion, not an admission of guilty knowledge by Campbell.
Second, we note that, at the time of trial, Agent McKenney had been a special agent for Customs for eleven years. His experience may well have qualified him as an expert under Fed.R.Evid. 702 to state opinions of this kind. Perhaps this is why Campbell’s trial counsel raised no objection to the admission of the agent’s opinion.
Finally, contrary to Campbell’s contention that the evidence of his guilty knowledge was not otherwise overwhelming, substantial evidence supported the inference that Campbell knew the cocaine was in his luggage. Campbell told the agents that he had packed his own luggage, that everything in the luggage belonged to him, and that no one else had access to his luggage. A Customs agent, who observed the initial search of Campbell’s luggage, testified that as Campbell’s suitcase was opened, Campbell appeared nervous and started looking around for points of exit. The cocaine was found in one of Campbell’s suitcases. Furthermore, Campbell’s additional statements that there were no drugs in his shoes and that it did not pay enough to smuggle drugs into Iran, coupled with his refusal to identify the person who was picking him up at the airport, support the inference of Campbell’s guilty knowledge. The Customs agent’s statement merely provided cumulative evidence of Campbell’s knowledge.
In light of this other evidence that Campbell had knowledge of the cocaine, the context in which the agent’s statement was presented to the jury,[3] and the agent’s experience, we are not convinced that the admission and use of the statement contributed to Campbell’s conviction.[4] Accordingly, we conclude that Campbell has failed to show the requisite prejudice to satisfy the plain error standard.
We emphasize, however, that our conclusion is not meant to condone the Customs agent’s conduct in this investigation. It was improper for the agent to include his personal opinion regarding Campbell’s guilty knowledge iii Campbell’s statement. But Campbell neither objected to the admission of the statement nor requested its redaction. The other evidence in the case was too substantial to permit a conclusion *1290 that admission of this agent’s opinion seriously affected the fairness of this trial, and we respectfully decline the dissent’s invitation to create a rule that would require district courts to independently police the admissibility of hearsay or risk reversal.
Campbell’s second contention of error is that the Government improperly commented on his silence. Campbell complains that the Government used his silence as a theme, emphasizing his pre-Miranda silence, his post-Miranda failure to confess, and his silence in the face of the agent’s comment. According to Campbell, this prosecutorial misconduct deprived him of his due process right to a fair trial.
Campbell concedes that the Government can use pr e-Miranda silence to impeach a defendant. See Jenkins v. Anderson, 447 U.S. 231, 239, 100 S.Ct. 2124, 2129-30, 65 L.Ed.2d 86 (1980). In the present case, however, Campbell did not testify, and he argues that, therefore, the Government could not have permissibly used his pr e-Miranda silence. The Government responds that the Eleventh Circuit has noted that a prosecutor may, without restrictions, comment on a defendant’s pre-arrest, pre-Miranda silence. See United States v. Rivera, 944 F.2d 1563, 1568 (11th Cir.1991); see also United States v. Simon, 964 F.2d 1082, 1086 n. * (11th Cir.1992) (“In Rivera, we held that ‘the government may comment on a defendant’s silence if it occurred prior to the time that he is arrested and given his Miranda warnings.’ ” ). In turn, Campbell contends that Rivera, which cited only Jenkins in support of its broad use of preMiranda silence, was wrong. Fortunately, we need not sort out this confusion. In the present case, given Rivera, any error in the admission of Campbell’s pre-Miranda silence was not plain. See United States v. Humphrey, 164 F.3d 585, 588 (11th Cir.1999) (“A plain error is an error that is ‘obvious’ and is ‘clear under current law.’ ”) (citation omitted).
Finally, Campbell argues that the Government improperly commented on his post -Miranda silence. Campbell complains that, in closing, the Government highlighted his failure to deny ownership or knowledge of the cocaine at the Customs office. He also contends that if the Customs agent had actually interrogated him instead of merely implying his guilt, he would have invoked his right to remain silent. The Government argues that it did not improperly comment on Campbell’s post-Miranda silence, as Campbell waived his right to remain silent and made statements that omitted (and, therefore, were inconsistent with) the defense offered at trial. We conclude that because the Government simply made explicit an inference that the jury could have drawn from the evidence, Campbell has not shown that his substantial rights were affected. See United States v. Smith, 700 F.2d 627, 633-34 (11th Cir.1983) (noting that a lawyer in closing argument has the right to state his contention as to the conclusions that the jury should draw from the evidence).
III. Conclusion
For the foregoing reasons, Campbell’s convictions are
AFFIRMED.

. The facts are gleaned from the trial transcript.

. Campbell also argues that the Government improperly commented on his failure to call additional defense witnesses to explain his lack of knowledge that the cocaine was in his luggage. In response to Campbell's objection at trial, the district court instructed the jury that Campbell had a right not to testily and that he had no obligation to put on any evidence. We conclude that the corrective instruction rendered any potential error on this point harmless.

. Although the dissent takes the Government to task for its use of the agent’s opinion, hearsay, like any other evidence admitted without objection, can be used for any purpose and may be the subject of fair comment.

. We do not agree with the dissent's position that this evidentiary error somehow rises to the level of "constitutional error,” an argument not made by Campbell.