[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 5, 2008
THOMAS K. KAHN
CLERK

No. 07-14477
Non-Argument Calendar

_____

D. C. Docket No. 07-20252-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAN VALADEZ,
EDGAR EMMANUEL MARTINEZ,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 5, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Roman Valadez and Edgar Martinez (together, "Appellants") appeal their convictions for conspiracy to possess with intent to distribute, and attempt to possess with intent to distribute, five kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. On March 27, 2007, federal drug enforcement agents employing a confidential informant ("CI") posing as a drug dealer, who initially met with the Appellants on the previous day, arrested them while attempting to purchase ten kilograms of cocaine. On June 13, 2007, a jury found them guilty on both counts.

The Appellants each argue three issues on appeal, one of which overlaps between them. We will first consider the arguments unique to each Appellant and then address the one common argument between them.

## I. Martinez's Arguments

Martinez argues that his convictions were not supported by sufficient evidence and that the district court erred in denying his motion to sever the trial.

*A.    Sufficiency of the evidence*

Martinez argues that his convictions were not supported by sufficient evidence because (1) as to conspiracy, his mere presence at the scene of the transaction falls short, and (2) as to attempt, he did not take a substantial step towards possessing the cocaine.

2

A claim of insufficient evidence to convict is reviewed *de novo*. *United States v. Nolan*, 223 F.3d 1311, 1314 (11th Cir. 2000) (per curiam). On appeal, we view the evidence in the light most favorable to the government and affirm the conviction if, based on this evidence, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotation and citation omitted). We will address the sufficiency of Martinez's convictions for conspiracy and attempt in turn.

*1. Conspiracy*

To obtain a conviction for conspiracy under 21 U.S.C. § 846, "the government must prove that there is an agreement by two or more persons to violate the narcotics laws." *United States v. Parrado*, 911 F.2d 1567, 1570 (11th Cir. 1990). Thus, "the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) appellants knew of the essential objectives of the conspiracy; and (3) appellants knowingly and voluntarily participated in the conspiracy." *United States v. Calderon*, 127 F.3d 1314, 1326 (11th Cir. 1997) (quotation and citation omitted).

"[R]epeated presence at the scene of the drug trafficking . . . can give rise to a permissible inference of participation in the conspiracy." *Id.* "Although mere presence is inadequate to establish guilt, we have held it is material, highly

3

probative, and not to be discounted." *United States v. Gamboa*, 166 F.3d 1327, 1332 (11th Cir. 1999) (citation and internal quotation omitted).

In *United States v. Hernandez*, 896 F.2d 513 (11th Cir. 1990), we held that the government presented insufficient evidence to convict one of the defendants of conspiracy, where "[a]ll the facts presented involving [that defendant] took place in the few minutes" immediately preceding the arrest. *Id.* at 519. There, the defendant rode in his codefendant's car, stood at the trunk while the codefendant delivered a package of cocaine to the undercover agent, and then "picked up on something" and fled. *Id.* at 516-17.

On the contrary here, Martinez's connection to the conspiracy spanned two days as opposed to a "few minutes" preceding his arrest. On March 26, 2007 (the day before his arrest), Martinez accompanied Valadez to the restaurant meeting where, viewing the facts in the light most favorable to the government, he remained in the car to act as a lookout while Valadez and the CI finalized the deal and discussed future transactions. On March 27, 2007 (the day of his arrest), Martinez again accompanied Valadez to a parking lot to finalize the drug transaction, during which Martinez handed a bundle of cash to Valadez and he assisted in retrieving another bundle of cash from the trailer's hidden compartment. In addition to his presence at two separate meetings and serving the function of a

4

look-out, Martinez participated in the conspiracy (on the day of his arrest) by handing the bundle of cash to Valadez and assisting Valadez in retrieving more cash from the trailer. Considering these facts in the light most favorable to the government, a reasonable juror could find that Martinez knowingly and voluntarily participated in an agreement to possess and distribute cocaine, in violation of § 846.

### 2. *Attempt to possess with intent to distribute*

To obtain a conviction for attempt under 21 U.S.C. § 841, "the government must prove: (1) the defendant was acting with the kind of culpability otherwise required for the commission of the crime for which he is charged with attempting; and (2) the defendant was engaged in conduct that constitutes a substantial step toward the commission of the crime." *United States v. Carothers*, 121 F.3d 659, 661 (11th Cir. 1997) (per curiam). "In other words, the defendant's acts, taken as a whole, must strongly corroborate the required culpability; they must not be equivocal." *Id.* (citation omitted).

Here, after Valadez made arrangements to purchase 10 kilograms of cocaine from the CI, Martinez joined Valadez to meet the CI at the appointed time and place to finalize the drug transaction. While there and without equivocation, Martinez handed cash to Valadez, Valadez handed that cash to the CI, and Valadez

5

inspected the 10 kilograms of cocaine. Again, considering these facts in the light most favorable to the government, a reasonable juror could find that Martinez's actions constituted a substantial step towards possession with the intent to distribute cocaine.

B.    *Motion to sever trial*

Martinez argues that the district court should have severed the trial to allow him to call Valadez as a witness on his behalf. According to Martinez, Valadez would have testified, *inter alia*, that he never told Martinez about the drugs and that Martinez thought the purpose of the trip was to move cars from Florida to Mexico.

"It is well settled that defendants who are indicted together are usually tried together," which is "particularly true in conspiracy cases." *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007). We review the denial of a Rule 14 motion for severance under an abuse of discretion standard. *Id.* This standard requires an appellant to meet the "heavy burden of demonstrating compelling prejudice from the joinder." *Id.* (citation and internal quotation omitted). To show that he is entitled to a new trial, an appellant first must "demonstrate that the joint trial resulted in prejudice to him; and second, must show that severance is the proper remedy for that prejudice." *Id.*

6

Where, as here, the motion for severance is based on the defendant's desire for a codefendant's testimony, the "defendant must demonstrate [to the district court]: (1) a bona fide need for the codefendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) that the codefendant will actually testify." *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989). "If a showing is made, the district court must then consider the significance of the testimony, the prejudice caused by the absence of the testimony, the timeliness of the motion and the effect on judicial administration and economy of resources." *Id.*

In *Browne*, the defendants were charged with embezzlement and fraud by abusing their positions in a labor union. *Browne*, 505 F.3d at 1241. Browne moved to sever the trial so that his codefendant could testify that she: "never discussed the submission of false expense vouchers" with Browne; "told Browne that her New York trips were related to union business"; "did not conspire in any manner with Browne"; and "ha[d] no evidence or reason to believe that Browne knew she was victimizing the union." *Id.* at 1269. The district court found "that the proffered testimony contain[ed] few specific exonerative facts and consist[ed] of undocumented conclusory allegations[,] which mitigate[d] against Browne's severance motion." *Id.* We affirmed, noting that the codefendant's "proffered

7

testimony was in no way contrary to her own interests." *Id.* at 1270.

Here, Valadez's proposed testimony appears analogous to, and no less self-serving than, the testimony offered in *Browne*. By testifying that Martinez had no knowledge of the drug transaction and that he told Martinez that they were merely buying cars for resale in Mexico, Valadez would have served his own interest by disapproving the conspiracy charge. *See United States v. Pepe*, 747 F.2d 632, 651 (11th Cir. 1984) (affirming denial of motion to sever where the proffered testimony "was of dubious credibility because it was in no way contrary to [testifying co-defendants'] own interests"). Valadez's affidavit (providing a glimpse into his anticipated testimony), moreover, contained conclusory statements claiming innocence and lacked any specific and exonerative facts as to Martinez. *See Browne*, 505 F.3d at 1269. Given the usual practice of trying indicted defendants together, especially in conspiracy cases, and a district court's discretion to decide if severance is appropriate, we find no error.

## II. Valadez's Arguments

Valadez proffers two arguments unique to his conviction: (1) the district court erred by permitting the government to question his witness regarding the general reputation for truthfulness of used car salesmen and (2) the government improperly elicited testimony concerning his invocation of his right to an attorney

8

under the Fifth Amendment to the United States Constitution, in violation of *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976) and its progeny.

*A.     Testimony on the reputation of a used car salesmen*

Valadez argues that the district court erred by allowing the government to question one of his witnesses, who worked for a used car dealer, on car salesmen's general reputation for truthfulness.  Valadez further asserts that because he as well as two other witnesses all worked as used car salesmen, the government effectively impeached them all.

We review a trial court's evidentiary rulings for abuse of discretion, and will not reverse a conviction for evidentiary errors "unless there is a reasonable likelihood that they affected the defendant's substantial rights."  *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990).  Thus, "an erroneous evidentiary ruling is a basis for reversal only if the defendant can demonstrate that the error probably had a 'substantial influence' on the jury's verdict."  *United States v. Stephens*, 365 F.3d 967, 977 (11th Cir. 2004).

Pursuant to Federal Rule of Evidence 404, in a criminal case, the defendant may offer evidence of his good character, if pertinent, and the prosecution may then offer character evidence in rebuttal.  FED. R. EVID. 404(a)(1).  Evidence of a witness's character for truthfulness may also be offered in the form of opinion or

reputation. FED. R. EVID. 404(a)(3), 608(a). "A proper foundation must be laid before the admission of reputation testimony." *United States v. Watson*, 669 F.2d 1374, 1381 (11th Cir. 1982).

Because this witness testified on direct examination that Valadez was "very honest," Rule 404(a)(1) allowed the government to rebut that assertion. Nonetheless, even if this testimony was inadmissible, it did not affect Valadez's substantial rights insofar as the witness testified regarding a common cliché and Valadez has failed to demonstrate that it had a substantial influence on the jury's verdict.

B.    *Post-Miranda*[1] *Statement*

Valadez argues that his trial was not fair because the government elicited testimony showing that he asked for counsel after his arrest.

Because Valadez did not raise the *Doyle* violation before the district court, we review for plain error. *United States v. O'Keefe*, 461 F.3d 1338, 1348 n.10 (11th Cir. 2006); FED. R. CRIM. P. 52(b). Under this standard, an appellant must show "(1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Campbell*, 223 F.3d 1286, 1288 (11th Cir. 2000) (per curiam). *See also United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

508 (1993) (citation and quotations omitted) (providing that "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings"). "In order to 'affect substantial rights,' in most cases, the error must 'have been prejudicial:  It must have affected the outcome of the district court proceedings.'" *Campbell*, 223 F.3d at 1288 (quoting *Olano*, 507 U.S. at 734, 113 S. Ct. at 1777-78).

Because *Miranda* warnings carry an implicit assurance that silence will carry no penalty, it is fundamentally unfair, and a violation of Due Process, to use a defendant's post-*Miranda* silence to impeach him.  *Wainwright v. Greenfield*, 474 U.S. 284, 289-91 & n.5, 106 S. Ct. 634, 637-39 & n.5, 88 L. Ed. 2d 623 (1986) (citing *Doyle*, 426 U.S. at 618-19, 96 S. Ct. at 2245).  This protection extends to post-*Miranda* requests for counsel as well.  *Id.* at 295 & n.13, 106 S. Ct. at 640 & n.13.

Assuming *arguendo* that the testimony regarding Valadez's post-*Miranda* statement in which he requested counsel constituted a *Doyle* violation, said violation did not affect his substantial rights.  In light of the evidence against Valadez, specifically that he arranged to purchase large amounts of cocaine,

11

retrieved a bundle of cash from a hidden compartment in his trailer, and had $60,000 cash in his car, some of which was coated in mustard to prevent detection by drug dogs, the jury's knowledge that he requested an attorney did not affect its verdict.

### III. Valadez's and Martinez's argument

Both Appellants Valadez and Martinez argue that the district court abused its discretion by refusing their requests to depose two witnesses in Mexico. According to Appellants, these individuals would have testified that they worked with Valadez in reselling cars that he brought from the United States to Mexico.

We review the district court's denial of a motion to conduct a deposition for abuse of discretion. *United States v. Ramos*, 45 F.3d 1519, 1522 (11th Cir. 1995). Under Federal Rule of Criminal Procedure 15, a district court may grant a motion to take a deposition "because of exceptional circumstances and in the interest of justice." FED. R. CRIM. P. 15(a)(1).

"[T]hree factors guide the exceptional circumstances analysis: whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party." *Ramos*, 45 F.3d at 1522-23 (citing *United States v. Drogoul*, 1 F.3d 1546, 1554 (11th Cir.

12

1993)) (emphases omitted).  The Government concedes the first prong and glosses over the third prong in a footnote, leaving the second prong at issue.

No injustice resulted because the record included uncontroverted evidence that Valadez had a business selling cars in Mexico, the substance of the very same testimony that Valadez and Martinez sought to introduce by way of the foreign depositions.  In other words, the testimony was not absent but merely cumulative.  Accordingly, the Appellants did not suffer an injustice when the district court denied their motion and the district court did not abuse its discretion by doing so.

## IV.  Conclusion

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.  Accordingly, we affirm.

**AFFIRMED.**