[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 5, 2010
JOHN LEY
ACTING CLERK

_____

No. 08-11149
Non-Argument Calendar

_____

D. C. Docket No. 06-00026-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIVIERE MARSHALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 5, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Riviera Marshall appeals his conviction and 360-month sentence for

kidnapping, in violation of 18 U.S.C. § 1201. The evidence adduced at trial showed that Marshall and two codefendants, while armed, entered into and ransacked a home occupied by a mother and her one-year-old child, transported them to another home in search of drugs and money, and then took the child across state lines and demanded ransom money from the child's family. On appeal, Marshall first contends that his rights to due process and a speedy trial, pursuant to the Fifth and Sixth Amendments, were violated by the government's excessive pre-indictment and post-indictment delays. Second, he argues that his sentence was procedurally and substantively unreasonable.

## I.      Right to Due Process and Speedy Trial

### A.      Pre-Indictment Delay

Because Marshall did not raise a challenge to the pre-indictment delay before the district court, we review his claim for plain error only. See United States v. Dowling, 403 F.3d 1242, 1247 (11th Cir. 2005). We may only correct plain error where the defendant demonstrates that there is (1) error, (2) that is plain, and (3) that affects substantial rights so as to seriously affect the fairness, integrity, or public reputation of judicial proceedings. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). "A plain error is an error that is obvious and is clear under current law." United States v. Humphrey, 164 F.3d 585, 588 (11th Cir.

2

1999) (internal quotation marks omitted).

To prove a Fifth Amendment due process violation resulting from a pre-indictment delay, the defendant bears the burden to show: (1) actual prejudice to his defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage. United States v. Thomas, 62 F.3d 1332, 1339 (11th Cir. 1995). Marshall has not satisfied this "very heavy burden." Stoner v. Graddick, 751 F.2d 1535, 1540 (11th Cir. 1985).

The indictment of Marshall one year and twelve days after his crime occurred was well within the limitations period for kidnapping a minor child, which is the longer of the life of the child or ten years after the offense. 18 U.S.C. § 3283. Marshall nonetheless claims that the pre-indictment delay caused him substantial prejudice. These claims are merely speculative. Marshall proffers no evidence that eyewitness Daphne Wilson's ability to identify him at his federal trial but not at the state court proceeding two days after the crime resulted from the pre-indictment delay. Nor does he provide any support for his claim that but for the delay his codefendant Darrell Joseph would have testified in his support at trial. Moreover, there was other substantial evidence at trial that implicated Marshall in the kidnapping, including forensic evidence placing him at the site of the offense and eyewitness testimony of his custody of the baby immediately following the

3

kidnapping.

Even if Marshall could establish prejudice resulting from the one-year pre-indictment delay, he has not attempted to identify any conduct by the government evidencing intentional delay tactics. Even where no good, detailed reason for the delay exists, we will not provide relief due to a pre-indictment delay unless there is evidence of bad faith or intent to gain a tactical advantage. See Stoner, 751 F.2d at 1543. Therefore, he has failed to meet his burden of showing that the delay resulted from a deliberate design by the government to gain a tactical advantage. See Thomas, 62 F.3d at 1339; Stoner, 751 F.2d at 1543. Accordingly, he did not establish a Fifth Amendment violation to require reversal under our plain-error review.

### B.    Post-Indictment Delay

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. We also review Marshall's Sixth Amendment speedy trial challenge for plain error because he did not raise the issue before the district court. See Dowling, 403 F.3d at 1247. In Barker v. Wingo, the Supreme Court identified four factors that should be considered in determining whether the defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the

delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 407 U.S. 514, 530–32, 92 S. Ct. 2182, 2192–93 (1972). The defendant must demonstrate a "presumptively prejudicial" period of delay under the first factor before we will weigh the additional Barker factors. United States v. Register, 182 F.3d 820, 827 (11th Cir. 1999).

The Sixth Amendment speedy trial protection attaches when an individual becomes an accused by arrest or indictment. United States v. Marion, 404 U.S. 307, 320–21, 92 S. Ct. 455, 463 (1971). Marshall's trial began approximately fifteen months after his indictment. We have determined that a delay approaching one year is presumptively prejudicial. United States v. Schlei, 122 F.3d 944, 987 (11th Cir. 1997). However, the Supreme Court has held that, if the government diligently pursued prosecution, and had good faith reasons for delaying the trial, the defendant's Sixth Amendment claim generally will fail, unless he can show actual prejudice to his defense. Doggett v. United States, 505 U.S. 647, 656, 112 S. Ct. 2686, 2693 (1992).

The Government bears the burden of explaining pre-trial delay. United States v. Ingram, 446 F.3d 1332, 1337 (11th Cir. 2006). Here, the Government sought and obtained two continuances that resulted in the fifteen-month delay between Marshall's indictment and trial. Marshall's attorney concurred with the

5

Government's request for both continuances, which were based on the need to complete discovery, obtain results of ongoing forensic evaluations, await arraignment of Marshall's codefendants in order to consolidate their trials, and correct an error in the indictment date.

The district court did not plainly err by allowing the case to proceed to trial following the 15-month post-indictment delay here, as the delay was a result of good faith requests by the government, to which Marshall consented, and he did not establish actual prejudice resulting from such delay. See Doggett, 505 U.S. at 656, 112 S. Ct. at 2693. The clear weight of the Supreme Court's Barker factors weigh in the Government's favor.

## II. Reasonableness of Sentence

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we look at whether the district court committed any significant procedural error and then at whether the sentence was substantively reasonable under the totality of the circumstances. Id. A sentence may be procedurally unreasonable if the district court improperly calculated the guideline range, treated the guidelines as mandatory rather than advisory, failed to consider the appropriate § 3553(a)[1]

---

[1] The factors in § 3553(a) that the sentencing court must consider are:

sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." Pugh, 515 F.3d at 1191 (11th Cir. 2008) (quotation omitted). The review for substantive reasonableness involves examining the totality of the circumstances, including the extent of any variance from the Guidelines range. Gall, 552 U.S. at __, 128 S. Ct. at 597. The party challenging the sentence bears the burden to show it was unreasonable in light of the record and § 3553(a) factors. Thomas, 446 F.3d at 1351.

Marshall argues that his 360-month sentence was procedurally unreasonable because the district court improperly treated the guidelines as mandatory and failed to provide an adequate statement of reasons for his sentence. Marshall also argues that his 360-month sentence was substantively unreasonable in light of his

---

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

7

character, youth, and lack of criminal history.

The only evidence Marshall provides that the district court failed to treat the guidelines as advisory is the district court's statement that it intended to sentence Marshall within the guidelines range and requested that counsel focus his remarks on the proper sentence within those guidelines. The court made this statement after defense counsel presented arguments about Marshall's youth and lack of criminal history. Marshall does not contend that there were any additional mitigating circumstances not presented to or considered by the court. Moreover, while the district court must consider the § 3553(a) factors, it is not required to discuss each individually. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The district court must merely acknowledge "that it has considered the defendant's arguments and the [§ 3553(a)] factors." Id. Because the district court imposed a within-guidelines sentence after acknowledging the advisory nature of the guidelines, hearing defense counsel's arguments in support of mitigation, and stating that it had considered the § 3553(a) factors, the court imposed a procedurally reasonable sentence.

Nor has Marshall met his burden to show substantive error "in light of both [the] record and the factors in § 3553(a)." Id. at 788. The district court's sentence of 360 months was at the low end of the calculated statutory range of 360 months

to life imprisonment. Although "a sentence within the guidelines range is not <u>per se</u> reasonable," <u>id.</u> at 786, "there is a range of reasonable sentences from which the district court may choose," and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." <u>Id.</u> at 788.

In imposing the low-end sentence of the guidelines range, the court had before it the PSI and had heard defense counsel's mitigation arguments. The weight given to any § 3553(a) factor is within the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. <u>United States v. Amedeo</u>, 487 F.3d 823, 832 (11th Cir. 2007). In light of the severity of the offense, which involved the armed entry into an occupied home and kidnapping of a one-year-old child, the court did not abuse its discretion in imposing the low-end sentence of the guidelines range. Upon review, we affirm.

**AFFIRMED.**