[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10600
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00030-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH EDWARD OLMEDA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 23, 2011)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Keith Olmeda appeals his convictions for production of child pornography, 18 U.S.C. § 2251(a). No reversible error has been shown; we affirm.

Olmeda received a total sentence of 150 years' imprisonment. This total sentence consisted of consecutive 30-year statutory maximum sentences on each of the five counts.[*] On appeal, Olmeda contends that the district court erred plainly -- under Fed.R.Crim.P. 11(b)(1)(H) -- by failing to inform him at the plea colloquy that his sentences could be imposed to run consecutively.

Because Olmeda raised no objection about Rule 11 error in the district court, we review his present claim only for plain error. United States v. Camacho, 233 F.3d 1308, 1313 (11th Cir. 2000). "Under the plain error standard, an error is reversible only if it is clear or obvious and affects substantial rights." Id. (internal quotation omitted). An error cannot be plain if such error is not clear or obvious under current law. United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999). We may review "the whole record when considering the effect of any error on

---

[*]Olmeda's Sentencing Guidelines range was life imprisonment. In the presentence investigation report (PSI), the probation officer referenced U.S.S.G. § 5G1.2(d), which requires sentences to run consecutively if the statutory maximum for each count is less than the total guidelines punishment. Olmeda made no objection to the guidelines calculation.

substantial rights." United States v. Monroe, 353 F.3d 1346, 1350 (11th Cir. 2003) (citation omitted).

The district court must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000). This general obligation requires the court to address the defendant about three core concerns underlying Rule 11, ensuring that (1) the guilty plea is free from coercion; (2) the defendant understands the charges against him; and (3) the defendant is aware of the direct consequences of his guilty plea. Camacho, 233 F.3d at 1314. Rule 11 directs specifically that the court inform the defendant of, and make sure the defendant understands, certain matters. See Fed.R.Crim.P. 11(b)(1)(A)-(N). In pertinent part, the court is obligated to inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release," and "any mandatory minimum penalty." Fed.R.Crim.P. 11(b)(1)(H)-(K).

At the plea colloquy, the district court explained to Olmeda that the penalty he faced "on each of the five counts of the indictment [was] a minimum of at least 15 years to a maximum of 30 years imprisonment, followed by five years to life of supervised release and a fine of $250,000 as well as a $100 special monetary assessment." The court also explained to Olmeda that the guidelines applied to his

3

case and that the court had authority to impose a sentence that was more severe or less severe than that called for by the guidelines.

We cannot say that the district court committed a clear or obvious error in failing to inform Olmeda that his sentences must run consecutively. The specific language of Rule 11 does not mandate that the district court explain that sentences can be imposed consecutively. And even if failing to provide an explicit statement about potential consecutive sentences constituted error, such error is not plain or obvious under current law as neither this Court nor the United States Supreme Court directly has addressed the issue. See Humphrey, 164 F.3d at 588 (concluding that no plain error existed in the district court's failure to inform defendant that his sentences must run consecutively).

Olmeda also cannot show how any error affected his substantial rights because the entire record demonstrates that he understood the plea and its consequences. See Hernandez-Fraire, 208 F.3d at 950 (we "will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the three core concerns"). While Olmeda presently argues that he did not understand that the word "each" could mean consecutive sentences, he stated at the plea colloquy that he understood the penalties and the sentencing procedure and asked no questions. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (explaining that a

4

strong presumption exists that statements made during a plea colloquy are true). Merely stating now that he misunderstood the plain meaning of the word "each" is insufficient to satisfy the heavy burden to show that his statements made under oath were false. See United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). In addition, the record shows that the PSI alerted Olmeda to the possibility of consecutive sentences; and at Olmeda's sentencing hearing, his lawyer acknowledged the possibility of consecutive sentences and argued for 360-month concurrent sentences.

In sum, Olmeda simply has not shown plain error that affected his substantial rights. On this record, he does not demonstrate a reasonable probability that, but for any error by the district court in explaining the maximum sentence he could receive, he would not have entered the plea. And such a demonstration is required of a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11. United States v. Dominguez Benitez, 124 S.Ct. 2333, 2340 (2004).

AFFIRMED.