[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11609
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00008-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN GREENE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 28, 2020)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Jonathan Greene appeals his 60-month sentence, imposed on revocation of his supervised release under 18 U.S.C. § 3583(e).  On appeal, Greene asserts that his sentence is substantively unreasonable because the district court punished him for new criminal conduct, rather than for violating his supervised release, and improperly gave significant weight to the nature of the violation.  He also contends that § 3583(e) violates the Fifth and Sixth Amendments by allowing a district court to extend a defendant's original sentence based on facts found by a preponderance of the evidence.  We address each issue in turn and after careful review, we affirm.

The facts are known to the parties; we do not repeat them here except as necessary to resolution of issues presented.

**I**

Greene first argues that his sentence is substantively unreasonable because, he says, the district court punished him for new criminal conduct, rather than for violating his supervised release, and improperly gave significant weight to the nature of the violation.

We review the substantive reasonableness of the sentence imposed upon revocation of supervised release under the totality of the circumstances and for an abuse of discretion.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The party who challenges the sentence bears the burden of showing that the

2

sentence was unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *Id.*

Abuse of discretion can be shown when the district court: (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). Under the abuse-of-discretion standard, we will reverse only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).

The weight given to any specific § 3553(a) factor is committed to the district court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). It is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence. *United States v. Amedeo*, 487 F.3d 823, 832–33 (11th Cir. 2007).

On finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in § 3553(a). 18 U.S.C. § 3583(e)(3). When revoking a term of supervised release, "the court

should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b).

Section 3583(e) requires that the district court consider the following factors set forth in § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the guideline sentencing range; (3) any pertinent policy statements; (4) the need to avoid unwarranted sentencing disparities; and (5) the need to provide restitution to any victims. 18 U.S.C. §§ 3553(a)(1), (4)–(7), 3583(e). The district court must also "impose a sentence sufficient, but not greater than necessary" to: (1) afford adequate deterrence to criminal conduct; (2) protect the public from further crimes of the defendant; and (3) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *Id.* §§ 3553(a)(2)(B)–(D), 3583(e).

Here, Greene's sentence is substantively reasonable, as the district court properly considered the nature and circumstances of his supervised release violations and reasoned that the statutory maximum sentence was appropriate, due to his pervasive pattern of criminal conduct and the ineffectiveness of supervised release to deter future criminal conduct. Furthermore, nothing in the record suggests that the district court was focused more on punishing his new criminal

4

conduct than sanctioning him for his breach of trust, as the district court adequately considered the relevant § 3553(a) factors in arriving at his sentence. The court expressly reasoned that it was the fact that Greene had every opportunity to meet his supervised release goals, but intentionally chose to violate his supervised release, that caused the court to treat it seriously. Accordingly, because it was well within the court's discretion to place more emphasis on the nature and circumstances of his violations, along with the need to deter further criminal conduct and protect the public, in choosing to impose the statutory maximum sentence, Greene's sentence is substantively reasonable under the totality of the circumstances. *See Tome*, 611 F.3d at 1378–79; *Amedeo*, 487 F.3d at 833–34; *Clay*, 483 F.3d at 744–47.

## II

Greene next argues that § 3583(e) violates the Fifth and Sixth Amendments by allowing a district court to extend a defendant's original sentence based on facts found by a preponderance of the evidence.

We review the constitutionality of a statute *de novo*. *United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010). However, we review for plain error a new constitutional challenge that the defendant raises for the first time on appeal. *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). Under plain error review, we can correct an error only if there is (1) an error, (2) that is plain, (3) that

5

affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1271. An error cannot be "plain" unless it is clear under current law. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no binding precedent directly resolving it. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Under the prior precedent rule, we are bound to follow prior binding precedent unless and until it is overruled by us sitting *en banc* or the Supreme Court. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

In *Apprendi v. New Jersey*, the U.S. Supreme Court held that, other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). Similarly, in *Alleyne v. United States*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a sentencing factor, and must be submitted to a jury. 570 U.S. 99, 115–16 (2013).

We and the Supreme Court both have determined that, although supervised-release violations often lead to reimprisonment, the violative conduct need only be found by a judge under the preponderance of the evidence standard, and not by a jury beyond a reasonable doubt. *Johnson v. United States*, 529 U.S.

6

694, 700 (2000); *United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010).  In *Cunningham*, we held that § 3583(e)(3) does not violate the Fifth Amendment right to due process or the Sixth Amendment right to a jury trial. *Cunningham*, 607 F.3d at 1268.

In a recent plurality opinion, the Supreme Court held that § 3583(k) violated the defendant's right to a jury trial under *Alleyne*.  *United States v. Haymond*, 139 S. Ct. 2369 (2019).[1]  The Supreme Court reasoned that, although the defendant faced a lawful prison term of between zero and ten years based on the facts reflected in the jury's verdict, a judge thereafter, acting without a jury and under a preponderance of the evidence standard, found conduct that triggered a prison term of between five years and up to life and, thus, increased "the legally prescribed range of allowable sentences." *Id.* at 2378.

However, the Supreme Court clarified that its decision was "limited to § 3583(k)" and the "*Alleyne* problem" it raised, and not § 3583(e) supervised-release proceedings, as § 3583(e) "does not contain any similar mandatory minimum triggered by judge-found facts." *Id.* at 2383–84.  The Supreme Court further noted that, even if *Haymond* "could be read to cast doubts

---

[1] Section 3583(k) required that, if a judge found by a preponderance of the evidence that a defendant on supervised release committed one of several enumerated offenses, the judge must impose an additional prison term of at least five years without regard to the length of the prison term authorized for the defendant's initial crime of conviction. *See* 18 U.S.C. § 3583(k).

7

on § 3583(e) and its consistency with *Apprendi*," combining a defendant's initial and post-revocation sentence would not exceed the statutory maximum term of imprisonment authorized by a jury for the original crime of conviction in most cases. *Id.* at 2384.

Here, as an initial matter, because Greene raised no challenge as to the constitutionality of the sentencing scheme under §3583(e), or to the district court's finding of facts by a preponderance of the evidence rather than by a jury, we review his constitutional challenge for plain error. *See Peters*, 403 F.3d at 1270. The Supreme Court and this Court have both previously determined that supervised-release proceedings require only judge-made findings applying a preponderance-of-the-evidence standard. *See Johnson*, 529 U.S. at 700; *Cunningham*, 607 F.3d at 1268. Plus, here, Greene's maximum term of imprisonment for his underlying conviction was life, so the term of supervised release he received fell within that statutory maximum. Moreover, *Haymond* does not overrule or abrogate this Court's precedent in *Cunningham* because *Haymond* expressly stated that it applied to only § 3583(k), and not to § 3583(e). *See Haymond*, 139 S. Ct. at 2383–84. Therefore, Greene's argument that § 3583(e)(3) violates the Fifth Amendment right to due process and Sixth Amendment right to a jury trial is foreclosed by our binding precedent. *See Cunningham* 607 F.3d at 1268; *Archer*, 531 F.3d at 1352. Accordingly, we affirm.

**AFFIRMED.**